Abduljaami Salaam individually and as Father )
and Next Friend of A.S. (minor child) )
1333 Pentwood Rd. )
Baltimore, Maryland 21239 )

        Plaintiffs, )

      vs. )

Officer Nicholas David Chapman )
Individually and in Official Capacity )
601 E. Fayette Street )
Baltimore, Maryland 21202 )
Or )
Northeastern District )
1900 Argonne Dr. )
Baltimore, MD 21218 )
)
and )
Officer Jorge Omar Bernardez-Ruiz )
Individually and in Official Capacity )
601 E. Fayette Street )
Baltimore, Maryland 21202 )
Or )
Northeastern District )
1900 Argonne Dr. )
Baltimore, MD 21218 )
)
and )
Officer Nathan Ulmer )
Individually and in Official Capacity )
601 E. Fayette Street )
Baltimore, Maryland 21202 )
Or )
Northeastern District )
1900 Argonne Dr. )
Baltimore, MD 21218 )
)
and )
Officer Brian Loiero )
Individually and in Official Capacity )
601 E. Fayette Street )
Baltimore, Maryland 21202 )
Or )
Northeastern District )
1900 Argonne Dr.

IN THE

CIRCUIT COURT

FOR

BALTIMORE CITY

Case No.:   24-C-14-003870

RECEIVED
CIRCUIT COURT FOR
BALTIMORE CITY

14 JUL 21  AM 10: 29

CIVIL DIVISION

1

Baltimore, MD 21218

and
Anthony W. Batts, Police Commissioner for
Baltimore City
Individually and In Official Capacity as
Commissioner
601 E Fayette St.
Baltimore, MD 21202
**Serve on:**
Baltimore City Police Department
Anthony W. Batts, Police Commissioner
601 E Fayette St.
Baltimore, MD 21202

_____   Defendants.
_____

## AMENDED  COMPLAINT AND DEMAND FOR JURY TRIAL FOR MONETARY DAMAGES FOR VIOLATION OF PLAINTIFFS' CIVIL RIGHTS

**Now come Plaintiffs**, Abduljaami Salaam individually and as Father and Next Friend of A.S. (minor child), by and through their attorneys, A. Dwight Pettit, and the Law Offices of A. Dwight Pettit, P.A., and Allan B. Rabineau, and sue the Defendants, Officer Nicholas David Chapman, Officer Jorge Omar Bernardez-Ruiz, Officer Nathan Ulmer, Officer Brian Loiero, in their individual and official capacities; and Anthony W. Batts, Police Commissioner for Baltimore Police Department, in his individual and official capacity as Commissioner of the Baltimore Police Department, and for reasons stated as follows:

## INTRODUCTION

1.    This is an action for money damages brought under laws of the State of Maryland, against Baltimore Police Department Officers Nicholas David Chapman, Jorge Omar Bernardez-Ruiz, Nathan Ulmer, Brian Loiero, in their individual and official

2

capacities, and Anthony W. Batts, Police Commissioner for Baltimore Police Department, in his individual and official capacity as Commissioner.

2.      It is alleged that the individual Defendant police officers made an unreasonable seizure of the person of Plaintiff, Abduljaami Salaam, thereby violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these Defendants assaulted and battered Plaintiff Salaam and otherwise used excessive force and unwarranted force during the course of said seizure in front of his minor child, Plaintiff A.S., and placing Plaintiff A.S. in the zone of danger.  It is further alleged that the defendant, Commissioner Anthony Batts, failed to properly train, discharge, and supervise the Defendant Officers; and failed to enforce Baltimore City Police Department policies regarding the use of force against unarmed non-custodian persons with regard to the Defendant Officers, despite said Defendant Officers engaging in the same conduct against Ms. Markita Smith on March 8, 2012,[1] and against other citizens of Baltimore City prior to and after the incident complained of in this case; and where no applicable department policy exists, Defendant Commissioner Batts is sued for his failure to establish the standard of conduct and discipline of the Defendant Officers.

## PRE-SUIT REQUIREMENTTS

3.      Plaintiffs have satisfied the notice of claim prerequisites to suit as specified by the Maryland Tort Claims Act, Md. Code Ann., State Gov't Art., § 12-106, and the Local Government Tort Claims Act, Md. Code Ann., Cts. & Jud. Proc. Art., § 5-304.

---

[1] Markita Smith filed suit against Baltimore City Police Department, Commissioner Anthony Batts, Baltimore Police Officer Nathan Church, Baltimore Police Officer Pilkerton, Jr., Baltimore Police Officer Nathan Ulmer, and Baltimore Police Officer Kenneth Campbell, in the United States District Court for the District of Maryland, Case No. 1:13-cv-1352.

Plaintiffs sent timely notices of their claims to the Baltimore City Solicitor, the Maryland State Treasurer and The Baltimore Police Department, by certified mail, return receipt requested, on December 23, 2013.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court as the amount in controversy exceeds $75,000 pursuant to §4-401(1) of the Maryland Code Annotated, Courts & Judicial Proceedings Article and Plaintiff demands a jury trial pursuant to §4-402(e)(1) of Maryland Code Annotated, Courts & Judicial Proceedings Article.

5. Venue is proper in the Circuit Court for Baltimore City pursuant to §6-201(a) of the Maryland Code Annotated, Courts & Judicial Proceedings Article, as all Defendant Officers work in the City of Baltimore; their employer, the Baltimore City Police Department (herein after "BPD"), is also located in Baltimore, Maryland, and the actions complained of occurred in the City of Baltimore.

## PARTIES

6. That at all times relevant hereto, plaintiff, Abduljaami Salaam (hereinafter "Plaintiff Salaam"), and minor plaintiff A.S., were victims of an illegal seizure, assault and battery, and suffered emotional distress at the hands of the above Baltimore Police Officers. Plaintiffs bring the following actions as Baltimore City citizens whose rights under the Maryland Declaration of Rights were violated by Defendants.

7. That at all times relevant hereto, Defendant Officers Nicholas David Chapman (hereinafter "Defendant Chapman"), Officer Jorge Omar Bernardez-Ruiz (hereinafter "Defendant Bernardez-Ruiz"), Officer Nathan Ulmer (hereinafter "Defendant Ulmer"), Officer Brian Loiero (hereinafter "Defendant Loiero") were Baltimore

Police Department (hereinafter "BPD") officers acting under color of state and local law as members of the Northeastern District Unit of the BPD. That at all times relevant hereto, all Defendant Officers were duly authorized agents, servants and employees of the BPD, who unprovoked and without legal justification stopped Plaintiff Salaam in an alleged traffic stop, assaulted Mr. Salaam with their fists, feet and weapons, continuously, causing severe physical injuries. The defendant officers then entered plaintiff's vehicle, as minor plaintiff A.S. sat violently shaking with fear, and destroyed the personal property of Plaintiff Salaam, causing physical injury and severe emotional distress to minor Plaintiff A.S.

8.  That at all times relevant hereto Defendant Baltimore Police Commissioner Anthony Batts (hereinafter "Commissioner Batts") was the Commissioner of the BPD. He was appointed by the Mayor of Baltimore under the advice and consent of the Baltimore City Council. The Commissioner, in his capacity as such, exercises final policy making authority for BPD, establishes the duties, standards of conduct and discipline of officers. Commissioner Batts establishes policies regarding hiring, screening, training, monitoring, supervision and discipline of officers employed by the BPD. At all times relevant hereto, he has acted under color of law, and is joined in this complaint in his individual and official capacity. Much has been reported locally about the activities and excessive force allegations against members of the BPD, including specific Defendant BPD Officers in this suit. Some resulting in settlements and awards. The commissioner is either aware of, or should have been aware of these matters, and, therefore, had actual or constructive knowledge that his BPD officers were engaged in conduct posing a pervasive and unreasonable risk of physical harm

and constitutional deprivation to citizens such as Plaintiff Salaam and minor Plaintiff A.S.; Commissioner Batts' response to that knowledge was so inadequate or nonexistent as to constitute deliberate indifference to or tacit authorization of the alleged offensive practices; and there was an affirmative causal link between Commissioner Batts' inaction and Plaintiff Salaam and minor Plaintiff A.S.'s injuries.

### FACTS COMMON TO ALL COUNTS

9.  On July 1, 2013, at about 8:30 P.M., after completing their grocery shopping and eating dinner, Mr. Salaam and his three-year-old son, Plaintiff A.S., drove home to unpack their groceries and prepare for their preplanned upcoming July 4th celebration.

10. Mr. Salaam while driving on Northwood Drive turned onto Pentwood Drive and observed Defendants Ulmer, Chapman and Bernardez-Ruiz assaulting an individual.

11. Mr. Salaam passed the officers and continued toward his driveway on Pentwood Drive.

12. Mr. Salaam arrived at his home and pulled into his driveway and onto his parking pad and had parked his car, when Defendants Ulmer, Chapman and Bernardez-Ruiz drove up the alley, stopped at Plaintiff Salaam's driveway and yelled to Mr. Salaam, demanding that he "pull over."

13. Mr. Salaam, who was already at home, and in the process of exiting his car, put his hands out the driver's side window with his wallet in hand and announced loudly that his three year-old son was in the car with him.

14. Defendants Ulmer, Chapman and Bernardez-Ruiz ran onto Mr. Salaam's property, aggressively approached Mr. Salaam's vehicle with guns drawn and pointed their weapons at both Mr. Salaam and Minor Plaintiff A.S.

15.    Defendant Ulmer then, without the permission of Plaintiff Salaam, flung open Mr. Salaam's driver's side door, and he and Defendant Chapman dragged Mr. Salaam out onto the ground, in the alley, and then threw Mr. Salaam violently against a property gate.

16.    Defendants then picked Mr. Salaam up and slammed him down onto the concrete ground approximately five times.

17.    Defendants punched Mr. Salaam with their fists, kicked Mr. Salaam with their feet and struck Mr. Salaam with foreign objects; all while continuing to slam him on the ground.

18.    The Defendant Officers then split up, sending half of the defendants back onto Plaintiff's property and into Plaintiff's vehicle to destroy Plaintiff Salaam's personal items inside said vehicle. The officers tore, broke and threw items out of Plaintiff's vehicle onto the ground, causing some items to strike minor Plaintiff A.S.

19.    Minor Plaintiff A.S. began screaming at the top of his lungs and shaking violently at the sight of his father being assaulted and their vehicle being violently damaged by Defendant Officers.

20.    The screams of A.S. caused plaintiff's neighbors to come out of their homes to investigate the commotion.

21.    Mr. Salaam was then hog tied[2] by Defendant Officers.  After being restrained in this manner, he was again punched and kicked by Defendant Officers.

22.     Defendant Officers then intentionally sat on Mr. Salaam's back and head as they restrained him in the prone position.

---

[2] Defined as handcuffed at his wrists and ankles fastened together.

23.   Neighbors requested that Mr. Salaam's wife be immediately called to retrieve Minor Plaintiff A.S., and protect him from the Defendants' attacks.

24.   Defendant Officers, despite the pleas of neighbors and Plaintiff Salaam, refused to call plaintiff's wife to take custody of Minor Plaintiff A.S.. Instead, the Officers tormented Mr. Salaam by telling him that his son would be sent to Social Services. Seeing Mr. Salaam's distressful reaction to these tormenting threats, they continued beating him and refused to allow any neighbor to assist the minor Plaintiff.[3]

25.   Mr. Salaam had not acted in any manner that justified the Defendant Officers' conduct.

26.   Mr. Salaam was eventually transported to Good Samaritan Hospital to be treated for the injuries he sustained from being assaulted by Defendant Police Officers.

27.   Mr. Salaam was charged with attempting to elude a uniformed police officer by failing to stop, operating a motor vehicle without restraining an occupant under the age of 16 and use of hand-held telephone while operating a motor vehicle (secondary action).

28.   A disposition of nolle prosequi was entered for all of the criminal and traffic charges filed against Mr. Salaam.

29.   As a result of the use of force by the Defendant Officers, Mr. Salaam received multiple injuries about his face, neck, shoulders and body requiring medical treatment at Good Samaritan Hospital.

### COUNT I – ASSAULT AND BATTERY
#### (Officer Nicholas David Chapman, Officer Jorge Omar Bernardez-Ruiz, Officer Nathan Ulmer and Officer Brian Loiero)

30.   Plaintiffs incorporate Paragraphs 1-29 as if fully stated herein

---

[3] Mr. Salaam's neighbor telephoned his wife who arrived at their home to retrieve their son, Minor Plaintiff, A.S.

31. The Defendants engaged in intentional acts of unlawful conduct beginning by dragging Mr. Salaam out of his automobile by force and throwing him on a concrete surface.

32. The Defendant Officers engaged in intentional acts of unlawful conduct by kicking Plaintiff Salaam with their feet, punching him with their fists and striking him with BPD issued weapons prior to placing Mr. Salaam in a prone position, hog tying and throwing him belly down to the concrete ground.

33. Said police conduct constituted unreasonable, unlawful, and excessive force without any authorization or consent on the part of Mr. Salaam.

34. As a result, the plaintiffs were caused to sustain serious, painful and permanent injuries, severe shock to their nerves and nervous system and great mental suffering; and will be otherwise injured and damaged, both past, present and in the future.

35. Mr. Salaam in no way consented to the described contact by Defendant Baltimore Police Officers; in no way provoked, contributed to, or in any way presented just or reasonable cause for Defendant Baltimore Police Officers to act as they did; and, did nothing to contribute to the unlawful touching that the Defendant Officers inflicted upon him.

36. The conduct of the Defendant Officers was without legal justification and was improperly motivated by ill will and actual malice.

37. As a direct and proximate result of the battery perpetuated by the Defendants, the Plaintiff sustained significant physical injuries, incurred medical bills and he suffered psychological damages.

**WHEREFORE,** this suit is brought and Plaintiffs bring this action in an amount in excess of Seventy Five Thousand Dollars in compensatory damages and in excess of Seventy Five Thousand Dollars in punitive damages against the defendants, individually and severally.

## COUNT II –FALSE ARREST
(Nicholas David Chapman, Jorge Omar Bernardez-Ruiz, Nathan Ulmer and Brian Loiero)

38.    Plaintiffs incorporate Paragraphs 1-37 as if fully stated herein;

39.    Defendant Officers were without lawful authority or probable cause to detain/arrest Mr. Salaam.  Mr. Salaam was, nevertheless, subjected to the detention described herein.

40.    The conduct attributed to Defendant Officers was motivated by ill will, improper motivation and actual malice on the part of the Defendant Officers.

41.    As a result, the plaintiffs were caused to sustain serious, painful and permanent injuries, severe shock to their nerves and nervous system and great mental suffering; and will be otherwise injured and damaged, both past, present and in the future.


**WHEREFORE,** this suit is brought and Plaintiffs bring this action in an amount in excess of Seventy Five Thousand Dollars in compensatory damages and in excess of Seventy Five Thousand Dollars in punitive damages against the defendants, individually and severally.

## COUNT III – FALSE IMPRISONMENT
(Officer Nicholas David Chapman, Officer Jorge Omar Bernardez-Ruiz, Officer Nathan Ulmer and Officer Brian Loiero)

42.    Plaintiffs incorporate Paragraphs 1-41 as if fully stated herein;

43.     Defendants falsely imprisoned Plaintiff Salaam throughout the course of events described herein.  The instances of false imprisonment include, but are not limited to the occasion where Mr. Salaam was (1) restrained by Defendant Baltimore Police Officers with physical force in his car, (2) forcefully thrown against the concrete ground by Defendant Baltimore Police Officers, (3) held to the ground by Defendants by their sitting on his back and head, and (4) placed in a hog-tie prone position with a Defendant placed upon the back and head of Mr. Salaam.

44.     The actions of Defendant Officers caused Mr. Salaam to be unlawfully deprived of his liberty, unable to escape the vicious attack, and incapable of seeking necessary medical attention.

45.     As a result of the unlawful conduct described herein, Mr. Salaam was detained against his will, sustained significant injuries and damages described herein.

46.     The Defendants' actions demonstrate ill will, improper motivation, evil purpose, and/or actual malice.

47.      As a result, the plaintiffs were caused to sustain serious, painful and permanent injuries, severe shock to their nerves and nervous system and great mental suffering; and will be otherwise injured and damaged, both past, present and in the future.


**WHEREFORE,** this suit is brought and Plaintiffs bring this action in an amount in excess of Seventy Five Thousand Dollars in compensatory damages and in excess of Seventy Five Thousand Dollars in punitive damages against the defendants, individually and severally.

## COUNT IV – CONVERSION (MALICIOUS DESTRUCTION OF PROPERTY
### (Nicholas David Chapman, Jorge Omar Bernardez-Ruiz, Nathan Ulmer and Brian Loiero)

48.     Plaintiffs incorporate Paragraphs 1-47 as if fully states herein:

49.     Defendant Officers seized and destroyed Plaintiff's personal property and damaged his personal vehicle.

50.     Mr. Salaam did not consent to this seizure and destruction of his personal property.

51.     The Defendants were not authorized by law to seize and destroy Plaintiff's property, including his telephone-camera and the data contained therein, his vehicle or his household groceries. The Defendants' actions were intended to intimidate and to discourage citizens from reporting evidence of police actions in connection with their illegal stop of Mr. Salaam and his son and their unprovoked beating of Mr. Salaam in front of minor Plaintiff A.S.

52.     The Officers acted with intent to injure Plaintiffs, with ill will or spite towards them, with evil or fraudulent motive and with knowledge that they were violating Plaintiffs' property rights.

53.     As a result of the Defendants' tortious acts, Plaintiff's suffered damages.

**WHEREFORE,** this suit is brought and Plaintiffs bring this action in an amount in excess of Seventy Five Thousand Dollars in compensatory damages and in excess of Seventy Five Thousand Dollars in punitive damages against the defendants, individually and severally.

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Nicholas David Chapman, Jorge Omar Bernardez-Ruiz, Nathan Ulmer and Brian Loiero)

54.   Plaintiffs incorporate Paragraphs 1-53 as if fully stated herein:

55.   Defendant Officers ran at the Plaintiffs in a threatening manner, with their guns drawn, while verbally assaulting Plaintiffs, causing them to be in fear of injury.

56.   Defendants violently destroyed Plaintiffs personal items in Plaintiff Salaam's automobile while minor Plaintiff A.S. sat seat-belted in his car seat, violently shaking and screaming at the sight of the abuse to his father and destruction of personal items.

57.   Defendants' conduct was extreme and outrageous, and caused the Plaintiffs emotional distress of a severe nature.

58.   Defendant Officers pulled Plaintiff Salaam from his vehicle, threw him to the concrete ground, assaulted and battered him in front of his neighbors and his three – year-old son.  Defendant Ulmer and the other Defendants taunted Plaintiff Salaam regarding custody of his three-year-old, Minor Plaintiff A.S., yelling that Plaintiff A.S. was going to be transported to social services.

59.   This threat was particularly shocking to the Plaintiff who had not engaged in any criminal conduct.

60.   The Defendants' conduct was intentional and reckless, and done in retribution for, and to punish, Plaintiff Salaam's witnessing of the Defendant Officers conduct in assaulting another individual moments earlier.

61.   The foregoing conduct of the defendants was extreme, outrageous and beyond the bounds of decency.

62.   As a result, the plaintiffs were caused to sustain serious, painful and permanent injuries, severe shock to their nerves and nervous system and great mental suffering; and will be otherwise injured and damaged, both past, present and in the future.

WHEREFORE, this suit is brought and Plaintiffs bring this action in an amount in excess of Seventy Five Thousand Dollars in compensatory damages and in excess of Seventy Five Thousand Dollars in punitive damages against the defendants, individually and severally.

## COUNT VI – ASSAULT

63.   Plaintiffs incorporate Paragraphs 1-62 as if fully stated herein:

64.   The minor, Plaintiff A.S., son of Abduljaami Salaam, was at all times present in the vehicle and observed the actions of said Defendant Officers while they assaulted his father and destroyed articles in the vehicle; that the Defendant Officers were within arms length of the minor, Plaintiff A.S., and subjected him to their violent and unlawful conduct.

65.   Plaintiff A.S. was confronted with "imminent danger of physical contact" and visible reason to fear for his own safety as well as that of this father.

66.   That as a result of the breach of the duty owed by Defendant Officers to Plaintiff A.S. and the resulting fear, he sustained serious, painful and permanent injuries, severe shock to his nerves and nervous system and great mental and emotional suffering; and will be otherwise injured and damaged, both past, present and in the future.

67.   All of the injuries and damages complained of were caused solely by the actions of the defendants, without any action on the part of the Plaintiffs contributing thereto.

**WHEREFORE,** this suit is brought and Plaintiffs bring this action in an amount in excess of Seventy Five Thousand Dollars in compensatory damages and in excess of Seventy Five Thousand Dollars in punitive damages against the defendants, individually and severally.

## COUNT VII – VIOLATION OF MARYLAND DECLARATION OF RIGHTS

68.   Plaintiffs incorporate Paragraphs 1-67 as if sully stated herein:

69.   The acts of the defendants in their warrantless search, seizure and detention of Plaintiffs, their use of excessive force and destruction of property were done in violation of articles 24 and 26 of the Maryland Declaration of Rights which guaranteed to the plaintiffs certain rights, privileges and immunities including the right to be free from the aforesaid described conduct of the defendants, the right to due process of law, and the right to be free from excessive force. Defendants breached the aforesaid duty by:

   a)   Failing to maintain and/or follow proper policies and/or procedures in trying to apprehend an unarmed person;

   b)   Failing to use reasonable force in the situation at issue;

   c)   Acting, under the totality of the circumstances, in an unreasonable and/or malicious and/or negligent and/or grossly negligent and/or wrongful manner and/or

   d)   Failing to take other proper and reasonable measures to avoid causing injury to the plaintiffs.

70.   That Defendants maliciously, wantonly, intentionally, wilfully, unreasonably acted with excessive force, gross negligence and reckless disregard for human life without justification.

71.   The acts of the defendants directly and/or indirectly contributing to the conduct of the individual Defendant Officers, were done in violation of rights guaranteed to the plaintiffs in articles 24 and 26 of the Maryland Declaration of Rights.

72.   That Defendants maliciously and/or wantonly and/or intentionally and/or willfully and/or unreasonably and/or with excessive force and/or with gross negligence and reckless disregard for human life and/or without justification committed the acts alleged in this Amended Complaint.

73.   That at all times described herein, Defendants acted under color and pretense of law, and under color of statutes, customs and usages of the State of Maryland.

74.   At the time of the incident, the plaintiffs were unarmed and posed no threat of harm or danger to the individual Defendants or to anyone else.

75.   As a direct and proximate result of Defendants' unlawful and wrongful conduct, Plaintiffs were deprived of their right to be free from unreasonable and excessive force and unreasonable seizure and, as a result, they experienced severe mental anguish, conscious pain and suffering, pre-impact fear and/or fright, loss of freedom, life, liberty and/or all other recoverable losses and damages associated with Defendants' violations of their civil rights.

**WHEREFORE,** this suit is brought and Plaintiffs bring this action in an amount in excess of Seventy Five Thousand Dollars in compensatory damages and in excess of

Seventy Five Thousand Dollars in punitive damages against the defendants, individually and severally.

## COUNT VIII –NEGLIGENT SUPERVISION AND NEGLIGENT RETENTION
### (Commissioner Anthony Batts)

76.    Plaintiffs incorporate Paragraphs 1-75 as if fully stated herein;

77.    At all times relevant to this Complaint, Defendant Commissioner Batts had a duty, recognized by the Baltimore City Police Department General Orders and Maryland State Statute to supervise, properly train, monitor and discharge Defendant Officers in order to protect citizens such as Mr. Salaam and minor Plaintiff A.S. against deprivation of their constitutional rights and unreasonable risks of harm and physical injury while either in police custody or being confronted by police.

78.    That Defendant Commissioner Batts, despite having specific knowledge of Defendant Officers and other BPD Officers previous excessive force complaints and in custody deaths of the citizens of Baltimore City, namely the brutal beating of Ms. Makia Smith, by Defendant Ulmer on March 8, 2012, in front of her two year-old daughter and in retaliation of Ms. Smith's video- taping the Defendant Officers' beating of another Baltimore City citizen,  failed to train, supervise, monitor and discharge the Defendant Police Officers for their roles in previous well publicized beatings and in custody deaths at the Defendant Officers in this case and other Police Officers of the BPD.

79.    As a direct result of Defendant Commissioner Batts' breach of Duty, to train, monitor supervise and/or discharge the Defendant Officers, the named Defendant Officers,

including Defendant Ulmer, continued their pattern of unprovoked illegal traffic stops followed by dragging Plaintiff Salaam out of his vehicle, assaulting, battering, and restraining Plaintiff Salaam by placing him in a face down prone position with heavy weight on his back necessarily suppressing his ability to breath causing physical injury; and battering Mr. Salaam in front of his minor child along with refusing to contact the child's other parent/guardian while threatening to send said child to the department of social services in order to cause additional pain, trauma and emotional distress for Plaintiff Salaam and minor Plaintiff A.S.

80. As a direct result of Defendant Commissioner Batts' breach of duty, the named Defendant Officers severely injured Mr. Salaam on July 1, 2013 by using the exact excessive force complained of by other Baltimore City residents subjected to illegal traffic stops, followed by being dragged out of their vehicle, kicked, punched, and assaulted and battered with department issued weapons, being placed in a hog tied position and otherwise being subjected to excessive force.

81. Defendant Commissioner Batts has acted with deliberate indifference to the State constitutional rights of citizens of Baltimore.

82. As a direct cause of Defendant Commissioner Batts, and the Baltimore City Police Department's custom of not screening new hires, training, monitoring, supervising, failing to discharge Defendant Officers and/or failing to implement policy that prohibits the conduct complained of in this suit, despite having specific knowledge of previous instances of State constitutional violations to other Baltimore Citizens, Mr. Salaam was severely beaten and suffered state constitutional deprivations and minor

Plaintiff A.S. suffered constitutional deprivations that would not have happened had the Defendant Officers been trained under a program that was not deficient.

**WHEREFORE,** this suit is brought and Plaintiffs bring this action in an amount in excess of Seventy Five Thousand Dollars in compensatory damages and in excess of Seventy Five Thousand Dollars in punitive damages against the defendants, individually and severally.

A.  Dwight Pettit, Esq.
Latoya Francis-Williams, Esq.
Law Offices of A. Dwight Pettit, P.A.
3606 Liberty Heights Avenue
Baltimore, Maryland 21215
(410) 542-5400
*Attorney for Plaintiffs*

Allan B. Rabineau, Esq.
Law Offices of Allan B. Rabineau
401 E. Pratt Street, Ste. 2252
Baltimore, Maryland 21202
410-837-9150
*Attorney for Plaintiffs*

Abduljaami Salaam individually and as Next    )    IN THE
Friend of A.S. (minor child)                  )
1333 Pentwood Rd.                             )    CIRCUIT COURT
Baltimore, Maryland 21239                     )
                                              )    FOR
        Plaintiffs,                           )
                                              )    BALTIMORE CITY
    vs.                                       )
                                              )
Officer Nicholas David Chapman                )
Individually and in Official Capacity         )
601 E. Fayette Street                         )
Baltimore, Maryland 21202                     )    Case No.:   24-C-14-003870
Or                                            )
1900 Argonne Dr.                              )
Baltimore, MD 21218                           )
                                              )
and                                           )
Officer Jorge Omar Bernardez-Ruiz             )
Individually and in Official Capacity         )
601 E. Fayette Street                         )
Baltimore, Maryland 21202                     )
Or                                            )
Northeastern District                         )
1900 Argonne Dr.                              )
Baltimore, MD 21218                           )
                                              )
and                                           )
Officer Nathan Ulmer                          )
Individually and in Official Capacity         )
601 E. Fayette Street                         )
Baltimore, Maryland 21202                     )
Or                                            )
Northeastern District                         )
1900 Argonne Dr.                              )
Baltimore, MD 21218                           )
                                              )
                                              )
and                                           )
Officer Brian Loiero                          )
Individually and in Official Capacity
601 E. Fayette Street
Baltimore, Maryland 21202
Or
Northeastern District
1900 Argonne Dr.

Baltimore, MD 21218

and
Anthony W. Batts, Police Commissioner for
Baltimore City
In Official Capacity as Commissioner
601 E Fayette St.
Baltimore, MD 21202
**Serve on:**
Baltimore City Police Department
Anthony W. Batts, Police Commissioner
601 E Fayette St.
Baltimore, MD 21202

Defendants.
_____

## DEMAND FOR JURY TRIAL

Plaintiffs, Abduljaami Salaam, individually and as Father and next friend of Minor

Plaintiff A.S., by and through their attorneys, A. Dwight Pettit, and the Law Offices of A.

Dwight Pettit, P.A., and Allan B. Rabineau, hereby demand a jury trial in the above-captioned

matter.

Respectfully submitted,

_____
A.  Dwight Pettit, Esq.
Latoya Francis-Williams, Esq.
Law Offices of A. Dwight Pettit, P.A.
3606 Liberty Heights Avenue
Baltimore, Maryland 21215
(410) 542-5400
*Attorney for Plaintiffs*

_____
Allan B. Rabineau, Esq.
Law Offices of Allan B. Rabineau
401 E. Pratt Street, Ste. 2252
Baltimore, Maryland 21202
410-837-9150
*Attorney for Plaintiffs*